1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Axon Enterprise, Inc.,

        Plaintiff

v.

Luxury Home Buyers, LLC,

        Defendant

Case No.: 2:20-cv-01344-JAD-MDC

**Order Granting Plaintiff's Motion for Reconsideration, Vacating in Part Summary-Judgment Order, and Granting in Part Plaintiff's Motion for Summary Judgment**

[ECF No. 79]

Axon Enterprise, Inc. sues Luxury Home Buyers, LLC (LHB) for trademark infringement, alleging that LHB used Axon's "Taser" mark in a manner that violated Axon's intellectual-property rights.  LHB has asserted a nominative-fair-use defense, admitting that it did use the mark but claiming that its use of the mark was fair because it was reselling Axon's Tasers.  Last year, I granted in part and denied in part the parties' cross-motions for summary judgment.  In relevant part, I applied the Ninth Circuit's three-prong test to LHB's nominative-fair-use defense and concluded that LHB satisfied the first prong but failed the second, and genuine disputes of fact prevented me from ruling on the third.  Citing *Toyota Motor Sales, U.S.A., Inc. v. Tabari*,[1] which used the disjunctive *or* when outlining the three factors in a nominative-fair-use test, I treated the factors as a balancing test and determined that a jury needed to break the tie on the third factor.

Axon now moves for reconsideration, arguing that it was clear error for me to balance the factors because the Ninth Circuit treats the test as an all-or-nothing proposition: if the defendant fails just one factor, it can't rely on the nominative-fair-use defense.  I agree that my application

---

[1] *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171 (9th Cir. 2010).

1 was erroneous, grant Axon's motion for reconsideration, find in Axon's favor for its trademark-

2 infringement and false-designation-of-origin claims, and order supplemental briefing on the

3 injunctive relief that Axon seeks.  I also re-refer this case for a mandatory settlement conference

4 with the magistrate judge.

5 **Discussion**

6 **A.      Standard for reconsideration**

7        A district court "possesses the inherent procedural power to reconsider, rescind, or

8 modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it still has

9 jurisdiction.[2]  A party seeking reconsideration must set forth "some valid reason why the court

10 should reconsider its prior decision" by presenting "facts or law of a strongly convincing

11 nature."[3]  Reconsideration is appropriate if the court "(1) is presented with newly discovered

12 evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

13 an intervening change in controlling law."[4]  "A motion for reconsideration is not an avenue to re-

14 litigate the same issues and arguments upon which the court already has ruled,"[5] and it may not

15 be based on arguments or evidence that could have been raised previously.[6]

16

17

18

19

20 [2] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950,
21 955 (9th Cir. 2013); LR 59-1.

22 [3] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[4] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

23 [5] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[6] *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

2

**B.     The evolution of Ninth Circuit jurisprudence on the nominative-fair-use test has left confusion for its proper application.**

The crux of Axon's argument for reconsideration comes down to the import of *Toyota Motors*'s use of an *or* in a three-prong test, which maybe should have been an *and*.  The nominative-fair-use test was articulated in *New Kids on the Block v. News America Publishing, Inc.*:[7]

> [When] the defendant uses a trademark to describe the plaintiff's product rather than its own, we hold that a commercial user is entitled to a nominative-fair-use defense provided he meets the following three requirements: First, the product or service in question must be one not readily identifiable without use of the trademark; second, only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; **and** third, the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.[8]

In *Playboy Enterprises, Inc. v. Welles,* the Ninth Circuit explained that when a defendant asserts a nominative-fair-use defense, the *New Kids* test replaces the traditional balancing test (known as the *Sleekcraft* factors test) to assess likelihood of consumer confusion.[9]

But eight years later, the Ninth Circuit panel in *Toyota Motors* replaced that emphasized *and* in the *New Kids* test with an *or*.[10]  It also clarified the burden of proof for this defense: "A defendant seeking to assert nominative fair use as a defense need only show that it used the mark

---

[7] *New Kids on the Block v. News Am. Publ'g Inc.*, 971 F.2d 302, 308 (9th Cir. 1992).

[8] *Id.*

[9] *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 801 (9th Cir. 2002)

[10] *Toyota Motors*, 610 F.3d at 1175 (citing *Welles*, 279 F.3d at 801 and *New Kids*, 971 F.2d at 308–09) (When "a nominative fair use defense is raised, we ask whether (1) the product was readily identifiable without use of the mark; (2) defendant used more of the mark than necessary; **or** (3) defendant falsely suggested he was sponsored or endorsed by the trademark holder.") (emphasis added) (cleaned up).

to refer to the trademarked good . . . .  The burden then reverts to the plaintiff" to prove that the defendant's use of the at-issue mark "was *not* nominative fair use" under the *New Kids* factors.[11] And despite its use of *or* when discussing the factors, the *Toyota Motors* court reiterated that, "[i]f the nominative use does not satisfy **all** the *New Kids* factors, [then] the district court may order defendants to modify their use of the mark so that all three factors are satisfied."[12]

In this case, LHB asserted a nominative-fair-use defense and showed that it used the Taser mark to refer to Axon's Taser devices.  So the burden shifted to Axon to show that LHB didn't satisfy the *New Kids* factors.  When analyzing the factors, I adopted *Toyota Motors*'s recitation of the test and considered the factors on balance.[13]  I found that LHB satisfied the first (LHB's products are not readily identifiable without use of the Taser mark), didn't satisfy the second (LHB used more of Axon's mark than necessary), and that the third (whether LHB falsely suggested that it was sponsored or endorsed by Axon) contained genuine issues of fact.[14] I thus denied the parties' cross-motions for judgment on Axon's trademark-infringement and false-designation-of-origin claims, reasoning that the tie must be broken by a jury.[15]  Axon now argues that balancing those factors was a clearly erroneous application of binding Ninth Circuit precedent.

---

[11] *Id.* at 1183, 1182.

[12] *Id.* at 1176.

[13] ECF No. 70 at 9.

[14] *Id.* at 10–19.

[15] *Id.* at 19.

**C.**      **The nominative-fair-use test is conjunctive, so LHB's failure at prong two is fatal to its defense.**

No other court has grappled with whether the disjunctive change in *Toyota Motors* was merely a scrivener's error or an intentional alteration of the *New Kids* test.  But the cases in this circuit that have followed *Toyota Motors* consistently rule in the plaintiff's favor if it knocks out just one of the factors, indicating that *Toyota Motors* is an outlier.[16]  And *Toyota Motors* didn't purport to overturn previous Ninth Circuit cases that stopped analyzing the factors after the defendant failed to satisfy just one.[17]

In response to Axon's motion, LHB argues only that, because I found that a question of fact remains with respect to the third *New Kids* factor, I properly sent this defense to a jury.[18] But LHB does not engage in any meaningful analysis of the conjunctive-or-disjunctive debate to

---

[16] *See, e.g.*, *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 893 (9th Cir. 2015) (quoting *New Kids* recitation of nominative-fair-use factors and holding that the district court correctly ruled in favor of defendant after determining that the defendant satisfied all three factors); *Neo4j, Inc. v. PureThink, LLC*, 2021 WL 2483778, at *10–12 (N.D. Cal. May 18, 2021) (noting that "[p]laintiffs need only negate one of [the *New Kids* factors] to defeat [d]efendants' reliance" on the nominative-fair-use defense), *aff'd*, 2022 WL 781037 (9th Cir. Mar. 14, 2022); *BMW of N. Am., LLC v. Mini Works, LLC*, 2010 WL 11484171, at *14 (D. Ariz. Sept. 27, 2010) (finding that defendant didn't satisfy two of the three *New Kids* factors and concluding that defendant thus "cannot assert nominative fair use as a defense"), *aff'd*, 463 F. App'x 689 (9th Cir. Dec. 23, 2011); *Dr. Seuss Enters., L.P. v. ComicMix LLC*, 300 F. Supp. 3d 1073, 1091 (S.D. Cal. 2017) (finding that defendants could not prevail on their nominative-fair-use defense because they were unable to satisfy one of the three *New Kids* factors); *World Axe Throwing League, Inc. v. Cold Steel, Inc.*, 2023 WL 2372059, at *8 (C.D. Cal. Feb. 14, 2023) (denying defendants' motion to dismiss based on the nominative-fair-use defense because it could not satisfy one of the *New Kids* factors).

[17] *See, e.g.*, *Welles*, 279 F.3d at 804 (finding that, "[b]ecause the use of the [mark] fails the first prong of the nominative use test, we need not apply the next two prongs of the test"); *Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1030 (9th Cir. 2004) ("The situation with which we are dealing runs afoul of the first requirement for nominative use.  Accordingly, we do not consider the other prongs.").

[18] ECF No. 82 at 2–3.

1  persuade me that this issue was rightfully decided the first time around.  My finding that the third

2  factor was a toss-up is irrelevant because, with a conjunctive application, I should have stopped

3  once I concluded that LHB didn't satisfy the second one.

4         Having reconsidered my ruling, I thus find that, because Axon has shown that LHB used

5  more of the Taser mark than necessary when it used its distinctive lettering and logo, LHB

6  cannot satisfy the second *New Kids* factor.  LHB's nominal-fair-use defense fails, and Axon has

7  carried its burden to show that LHB's use of the Taser mark is likely to confuse consumers under

8  the *New Kids* test.  So Axon is entitled to summary judgment on its trademark-infringement and

9  false-designation-of-origin claims.

10        In its reconsideration motion, Axon seeks modification of the permanent injunction

11 already entered in this case to "bar LHB's use of Axon's Stylized Taser Mark and Logos on all

12 its websites and advertising."[19]  In initial briefing and on reconsideration, the parties didn't

13 adequately brief the appropriate contours of an injunction targeting LHB's use of Axon's marks.

14 That determination is marred in First Amendment considerations that I cannot sort out without

15 meaningful briefing on the topic.[20]  So if Axon wishes to enjoin LHB's use of Axon's mark and

16 logos, it must file a supplemental brief proposing language for that injunction and analyzing the

17 appropriateness of that language under applicable law within 10 days.  LHB will then have 10

18 days to respond, and any reply will be due 7 days later.

19

20

21

22 [19] ECF No. 79 at 5.

23 [20] *See Toyota Motors*, 610 F.3d at 1176 (noting that "[a] trademark injunction, particularly one involving nominative fair use, can raise serious First Amendment concerns because it can interfere with truthful communication between buyers and sellers in the marketplace").

**Conclusion**

IT IS THEREFORE ORDERED that Axon's motion for reconsideration **[ECF No. 79] is GRANTED**.  The court's order denying Axon's motion for summary judgment on its trademark-infringement and false-designation-of-origin claims [ECF No. 70 at 37 lines 17–18] is VACATED.  Instead, summary judgment is granted in Axon's favor on its trademark-infringement and false-designation-of-origin claims.

This case proceeds to trial on:

- Axon's cybersquatting claim;

- Axon's false-advertising claim, but only as to LHB's refurbishment-quality statements; and

- Axon's state deceptive-trade-practices claim, but only as to LHB's logo-and-mark use, quality-of-goods, and product-superiority/disparagement statements.

IT IS FURTHER ORDERED that, **if Axon desires injunctive relief on its trademark-infringement claim, it must file a supplemental brief** of no more than 10 pages explaining its entitlement to that relief **within 10 days of this order**.  LHB will have 10 days from the date Axon files that brief to respond, in no more than 10 pages.  Axon will have 7 days to file a reply not exceeding 5 pages.

IT IS FURTHER ORDERED that **this case is REFERRED to the magistrate judge for a MANDATORY SETTLEMENT CONFERENCE**.  The parties' obligation to file their joint pretrial order is STAYED until 10 days after that settlement conference.

_____
U.S. District Judge Jennifer A. Dorsey
January 16, 2024