UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Axon Enterprise, Inc.,

    Plaintiff

v.

Luxury Home Buyers, LLC d/b/a Accredited Financial Services,

    Defendant

Case No.: 2:20-cv-01344-JAD-MDC

**Order Amending Permanent Injunction**

[ECF No. 90]

    Axon Enterprise, Inc. sues Luxury Home Buyers, LLC (LHB) for trademark infringement, alleging that LHB used Axon's "Taser" mark in a manner that violated Axon's intellectual-property rights. Last year, I granted in part Axon's motion for summary judgment on its false-advertising and deceptive-trade-practices claims because LHB's advertising suggested an affiliation with Axon's brand that did not exist, and I permanently enjoined LHB "from making statements claiming sponsorship by or affiliation with Axon or ownership of any of Axon's marks."[1] But I denied Axon's motion for judgment on its claim that LHB's use of the Taser mark infringed on Axon's intellectual-property rights: LHB asserted a nominative-fair-use defense to that claim, I applied the Ninth Circuit's three-prong test to that defense, and I concluded that LHB satisfied the first prong but failed the second, and genuine disputes of fact prevented me from ruling on the third. Citing *Toyota Motor Sales, U.S.A., Inc. v. Tabari*,[2] which used the disjunctive *or* when outlining the three factors in a nominative-fair-use test, I treated the factors as a balancing test and determined that a jury needed to break the tie on the third factor.

---

[1] ECF No. 70 at 37.

[2] *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171 (9th Cir. 2010).

Axon promptly moved for reconsideration of that conclusion, arguing that it was clear error for me to balance the factors because the Ninth Circuit treats the test as an all-or-nothing proposition: if the defendant fails just one factor, it can't rely on the nominative-fair-use defense.[3] I granted that motion, concluding that LHB needed to satisfy all three factors in order to show that its use of the Taser mark was nominative fair use, and found that because LHB couldn't satisfy the second factor, Axon was entitled to summary judgment on its trademark-infringement and false-designation-of-origin claims.[4] I also ordered Axon to file a supplemental brief explaining its entitlement to injunctive relief on those claims and addressing any First Amendment concerns associated with limiting LHB's ability to advertise its refurbished Taser products.[5]

In its supplement, Axon asks the court to modify its permanent injunction to prohibit LHB "from using any Taser logos or the stylized Taser Mark" on any of its materials, "restrict the use of the standard Taser word mark to plaintext of the same type size as the predominant document text," and require a disclaimer of affiliation and ownership on LHB's website and advertising materials.[6] It contends that these restrictions appropriately balance Axon's interest in protecting its trademark and LHB's First Amendment rights to advertise its products. LHB did not file a response.

"The trademark law generally prevails over the First Amendment when another's trademark (or confusingly similar mark) is used without permission as a means of source

---

[3] ECF No. 79.
[4] ECF No. 88.
[5] *Id.* at 6.
[6] ECF No. 90 at 2–3.

Axon promptly moved for reconsideration of that conclusion, arguing that it was clear error for me to balance the factors because the Ninth Circuit treats the test as an all-or-nothing proposition: if the defendant fails just one factor, it can't rely on the nominative-fair-use defense.[3] I granted that motion, concluding that LHB needed to satisfy all three factors in order to show that its use of the Taser mark was nominative fair use, and found that because LHB couldn't satisfy the second factor, Axon was entitled to summary judgment on its trademark-infringement and false-designation-of-origin claims.[4] I also ordered Axon to file a supplemental brief explaining its entitlement to injunctive relief on those claims and addressing any First Amendment concerns associated with limiting LHB's ability to advertise its refurbished Taser products.[5]

In its supplement, Axon asks the court to modify its permanent injunction to prohibit LHB "from using any Taser logos or the stylized Taser Mark" on any of its materials, "restrict the use of the standard Taser word mark to plaintext of the same type size as the predominant document text," and require a disclaimer of affiliation and ownership on LHB's website and advertising materials.[6] It contends that these restrictions appropriately balance Axon's interest in protecting its trademark and LHB's First Amendment rights to advertise its products. LHB did not file a response.

"The trademark law generally prevails over the First Amendment when another's trademark (or confusingly similar mark) is used without permission as a means of source

---

[3] ECF No. 79.
[4] ECF No. 88.
[5] *Id.* at 6.
[6] ECF No. 90 at 2–3.

identification."[7]  But "a trademark injunction, particularly one involving nominative fair use, can raise serious First Amendment concerns because it can interfere with truthful communication between buyers and sellers in the marketplace."[8]  So when issuing a trademark injunction, a court "must ensure that it is tailored to eliminate only the specific harm alleged."[9]  Axon's proposed injunction is narrowly tailored to the harm alleged: LHB's use of the Taser mark's logos and lettering and its suggestion of affiliation with Axon.  And Axon's proposed requirement that LHB disclaim its affiliation with Axon ensures truthful communication between LHB and its customers.  So I grant the injunctive relief that Axon seeks.

## Conclusion

IT IS HEREBY ORDERED that **the permanent injunction previously entered (ECF No. 70 at 37) is amended as follows**:

- LHB and its affiliates are permanently enjoined from making statements claiming sponsorship by or affiliation with Axon or ownership of Axon's marks, and from using any TASER logos or the stylized TASER mark on any of their websites, brochures, letters, emails, and other advertising materials;

- LHB and its affiliates must restrict the use of the standard TASER word mark to plaintext of the same size as the predominant document text; and

- LHB and its affiliates must include the following disclaimer of affiliation and ownership on websites and advertising materials in a type size not smaller than the smallest type on the page:

---

[7] *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 159 (2023).

[8] *Toyota Motor Sales*, 610 F.3d at 1176 (citing *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 763–64 (1976)).

[9] *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1297 (9th Cir. 1992).

- "TASER® is a registered trademark of Axon Enterprise, Inc. Accredited Security is not affiliated with Axon, and Axon does not sponsor or endorse Accredited Security or any of its products or services. Any use of the TASER® mark is for identification purposes only."

_____
U.S. District Judge Jennifer A. Dorsey
March 8, 2024